# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| MORGAN GRICE,<br>Plaintiff,<br>V.<br><br>TRAVIS YOUNGER;<br>BYRON HOLLOWAY, CHIEF OF POLICE; ONESIMO LOPEZ, ASSISTANT CHIEF OF POLICE; ANDREW S. FRIEDBERG, MAYOR; PAUL A. HOFFMAN, CITY MANAGER; THE CITY OF BELLAIRE; AND THE BELLAIRE POLICE DEPARTMENT<br><br>**Defendants** | 4:19-cv-2295<br><br><br><br><br><br><br><br><br>**Jury Trial Demanded** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Now comes Plaintiff, Morgan Grice, by her attorney Chung "Daniel" Lee and complaining of: (i) Travis Younger (ii) Byron Holloway (iii) Onesimo Lopez (iv) Andrew S. Friedberg (v) Paul A. Hoffman (vi) The City of Bellaire and (vii) The Bellaire Police Department for violations of 42 U.S.C. § 1983 including but not limited to excessive force, cruel and unusual punishment, and police brutality.

### Introduction

Morgan Grice files this action seeking redress for wrongful conduct of the City of Bellaire Police Department employee Officer Travis Younger. Plaintiff brings this action pursuant to, among other legal base, 42 U.S.C. § 1983 which provides redress for every person within the jurisdiction of the United States that has been deprived of any right, privileges, or immunities secured by the Constitution and law of the United States, under color of state law.

### Preliminary Statement

This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendment to the United States Constitution, and any other applicable law with respect to a 42 U.S.C. § 1983 and pendant state law claims filed. The Court has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

This action is for damages arising out of violations of federal law and state torts, medical malpractice and negligence claims detailed below in an amount greater than $200,000.00. The acts and practice constituting the violation alleged below have occurred within the jurisdiction of the United States Court, in and for the Southern District of Texas. In connection with the acts, practice, and violations alleged below, Defendant Travis Younger of the City of Bellaire Police Department, has either directly or indirectly violated Plaintiff's constitutional rights, by creating and engaging in a practice of the use of excessive force and intentional infliction of emotional distress. As a result of the wrongful conduct of the Defendants, which was affected with full knowledge of and callous indifference to the constitutional rights of the Plaintiff, said Plaintiff has suffered irreparable harm of the loss of her constitutional rights to be free from pain and suffering, and all other damages effectuated through the acts of Defendant under the color of law.

## **Jurisdiction**

Federal question jurisdiction is proper pursuant to 28 U.S.C. 1331, 1343 (3), and 1983 as Plaintiff's claims arise of the deprivation of Plaintiff's rights, privilege and immunities under the Constitution and laws of the United States. Plaintiff seeks attorneys' fees and costs as prevailing party for these claims pursuant to 28 U.S.C. § 1988.

The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367, because each claim arises from the same controversy and from a common nucleus of operative fact.

Venue in the United States Southern District Court for the Southern District of Texas is proper pursuant to 28 U.S.C. § 1391 because this is the judicial district in which the Defendants reside, and in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

## **The Parties**

1. Morgan Grice, Plaintiff brings this suit and is a resident of the County of Harris, State of Texas and the United States of America.

2. Travis Younger, Defendant is employed by the City of Bellaire Police Department and is an individual who may be served at the Bellaire Police Department headquarters, 5110 Jessamine, Bellaire, Texas 77401, or wherever he may be found.

3. Byron Holloway is Chief of Police and is an individual who may be served at the Bellaire Police Department headquarters, 5110 Jessamine, Bellaire, Texas 77401, or wherever he may be found.

4. Onesimo Lopez is Assistant Chief of Police and is an individual who may be served at the Bellaire Police Department headquarters, 5110 Jessamine, Bellaire, Texas 77401, or wherever he may be found.

5. Andrew S. Friedberg is the Mayor of the City of Bellaire, Texas, and as such is a final policymaker, and may be served with citation at City Hall, 7008 S. Rice Avenue, Bellaire, Texas 77401, or wherever he may be found.

6. Paul A. Hoffman is the City Manager for the City of Bellaire, Texas, and as such is a final policymaker, and may be served with citation at City Hall, 7008 S. Rice Avenue, Bellaire, Texas 77401, or wherever he may be found.

7. The City of Bellaire is an incorporated city in the State of Texas and may be served by delivery of citation to Andrew S. Friedberg as its Mayor at City Hall, 7008 S. Rice Avenue, Bellaire, Texas 77401.

8. The Bellaire Police Department is a department of the City of Bellaire that may be served by delivery of citation to Byron Holloway as its Chief of Police at Bellaire Police Department Headquarters, 5110 Jessamine, Bellaire, Texas 77401.

9. Plaintiff sues all defendants in their individual and official capacities.

## Facts

10. Plaintiff hereby incorporates all paragraphs set forth above, and are herein incorporated by reference.

11. Officer Travis Younger pulled over Plaintiff, Morgan Grice on August 17, 2017. After conducting field sobriety tests, Officer Travis Younger placed Morgan Grice under arrest for driving while under the influence.

12. In order to determine what charge should be given to Morgan Grice, Officer Travis Younger asked Morgan Grice if she agreed to get her blood drawn. Morgan Grice initially agreed.

13. Travis Younger brought Morgan Grice to a nearby EMS station, and was talking very condescendingly toward Morgan Grice the entire time making remarks and responses to what Morgan Grice was saying with phrases such as "…and you're a drunk driver." She was brought inside of an EMS vehicle where she was to get her blood drawn. Once inside the vehicle, Travis Younger told Morgan Grice that she is suspected of driving under the influence and that if she tested for alcohol level below .08, then she would receive a lesser charge than a DWI if she tested for blood alcohol levels above 0.08. Morgan Grice

had initially given verbal consent for her blood to be drawn. After Travis Younger explained the situation, she changed her mind and withdrew consent for her blood to get drawn. Travis Younger explained to Plaintiff that they would have to fill out a form for a judge to sign. Then a warrant will be issued to grant them permission to draw her blood if she withdrew consent. He proceeded to mention that her blood will be drawn regardless. If she withdrew consent, then it would just take longer for them to get everything done. After hearing this, Morgan Grice verbally withdrew consent for her blood to be drawn. Morgan Grice replied "If you're going to be a jerk about it, then yes, I am withdrawing consent.", thereby forcing Travis Younger to do additional work and fill out the paperwork and get the judge's signature in order to get her blood tested for alcohol levels.

14. After Morgan Grice withdrew consent, the tone and attitude of Travis Younger completely changed, and he sounded very frustrated and upset at Morgan Grice for withdrawing consent. He proceeded to tell her to exit the EMS vehicle where they had set up the equipment to draw her blood. Travis Younger can be heard in the video telling Morgan Grice "I don't want to hear it, shut your mouth." And, "if you don't come over here, I'm going to pull you out".

15. After Morgan Grice exits the vehicle, Travis Younger turns her around to handcuff her in a rather rough manner. Defendant Travis Younger cannot get a good grip on Ms. Grice's hands, so he proceeds to slam her against the EMS vehicle. Defendant Travis Younger starts telling her to "stop resisting" and "Do not pull away again, do you understand?". The initial slam of Plaintiff's body against the EMS vehicle makes a noticeably loud sound on impact. When this happens, Travis Younger's body cam coincidentally falls to the ground. The EMS worker sees that the body cam has fallen to the ground and proceeds to pick it up and

continue filming the supposed "struggle". In the video you can see Travis Younger twisting Morgan Grice's arm in a very unnatural manner. He keeps saying "Stop resisting!", "Do not pull away again. If you keep pulling away, I will put you to the ground." as he keeps her arm pinned behind her back at an awkward angle. Morgan Grice is noticeably in pain and had received a heavy blow to her head during this initial impact. At this moment, it seems that Officer Travis Younger failed to notice that the paramedic has picked up his body cam and is still filming the situation. Morgan Grice starts to express that he is hurting her, and that she didn't do anything to deserve being slammed against the vehicle.

16. After the first initial slam, Travis Younger is still holding Morgan Grice's arm in an awkward angle pinning her arm into her back. Travis Younger is then heard saying "If you keep resisting, I will put you to the ground." It can be seen that the angle in which Travis Younger is holding Morgan Grice's arm is in an even more rigid angle than before. Plaintiff, Morgan Grice continues to state that he is hurting her and that she has not been resisting or pulling away at all.

17. Travis Younger pins Morgan Grice against the vehicle and keeps saying "Do not pull away again" and takes out his handcuffs in order to handcuff Morgan Grice. Morgan Grice is heard crying and is in shock at the fact that the officer would do something so uncalled for. She turns slightly to the left as the officer is handcuffing her. This is when Travis Younger exhibits cruel and unusual behavior by body slamming Morgan Grice from a standing position onto the ground. The impact makes no sound, but the force of the slam can be seen from the video. The body slam was indeed uncalled for, and the positions he had put Morgan Grice in were not natural. Therefore, Morgan Grice's minor body movements were not enough to warrant such a brutal move from Officer Travis Younger.

18. The sounds Morgan Grice was making after Travis Younger slammed her to the ground are similar to someone having a seizure or someone who has just received a concussion/ massive head trauma. Morgan Grice was incoherent and in an extreme amount of pain. The only things she could utter were weak groans and moans. Her head hit the ground with such force that it caused a brain contusion that was a fifth of the size of her brain.

19. After Officer Younger pulls Morgan Grice up from the floor, there is heavy bruising and swelling on Morgan Grice's left side of her head where her head made contact with the ground. The immediate injuries are very apparent in the video because she had no bruising whatsoever on her face at all before Officer Travis Younger body slammed her.

20. After this cruel and unjust act, Officer Travis Younger and another officer quickly take Morgan Grice to the police car and put her inside. Travis Younger explains to the paramedic team that comes outside that "She was resisting, so I put her down. *She* busted her head on the concrete.". The question we should ask right here is "was it her that busted her own head on the concrete?" or "was it Travis Younger who cruelly and unjustly body slammed a 120 pound lady to the ground which consequently resulted in *him* busting open her head on the concrete?" While putting Morgan Grice back in the police vehicle, Travis Younger asks the paramedics if they can check out the hematoma that is on her eye. The EMS paramedic asks "Do y'all want her checked out by medics?" Travis Younger replies "That's what we are doing right now." as they put her inside a police vehicle and leave.

21. When Morgan Grice was admitted to Memorial Hermann Hospital, it was not just a hematoma or bruise that was on her eye but a brain contusion. A brain contusion is a traumatic brain injury that is the bruising of actual brain tissue. Plaintiff, Morgan Grice in no

way deserved to be body slammed to the ground. These actions that were made by Defendant Travis Younger resulted in Plaintiff, Morgan Grice receiving a brain contusion. This brain contusion resulted in over $300,000 and counting in medical bills including but not limited to brain surgery and multiple seizures that she has suffered from following this incident. There will be a high probability that Plaintiff will continue to suffer seizures from this act of violence. The intermittent seizures Plaintiff has been experienced has not stopped since the day of the incident.

### Count 1 – Excessive Force

22. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

23. As a result of the Defendants' unjustified and excessive use of force, Plaintiff suffered pain and injury, as well as emotional distress.

24. This conduct violated the Fourth and Fourteenth Amendment to the United States Constitution, and hence 42 U.S.C. §1983.

25. This misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's constitutional rights.

26. The aforementioned actions of the Defendants were the direct and proximate cause of the constitutional violations, and the attendant injuries resulting therefrom, as set forth above.

27. As a result of the unjustified violation of Plaintiff's rights by the Defendants, Morgan Grice has suffered numerous injuries including emotional distress.

### Count 2 – Federal Law Claim: Intentional Infliction of Emotional Distress

28. Each of the paragraphs of this Complaint is incorporated as if fully

29. In the manner described more fully above, the Defendants engaged in extreme and outrageous conduct, including but not limited to:

   a. Pinning Plaintiff against an EMS vehicle
   b. Pinning Plaintiff on the ground
   c. Body slamming Morgan Grice to the ground using Defendant Travis Younger's full body weight and force from an upright, standing position directly into the ground.
   d. Unreasonable roughness while handling Plaintiff
   e. Defendant Travis Younger knew there was a high probability that their conduct would cause severe physical and emotional distress to the Plaintiff.

30. The Defendants knew their conduct would cause severe emotional distress to the Plaintiff and Defendant Travis Younger knew there was a high probability that their conduct would cause severe emotional distress to the Plaintiffs.

31. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

32. As a proximate result of this misconduct, Plaintiff suffered injuries, including but not limited to severe emotional distress.

33. Plaintiff's Intentional Infliction of Emotional Distress claims involve a use of excessive force and unconstitutional acts guaranteed to them under the United States Constitution and 42 U.S.C. § 1983 and is therefore preempted by the Constitution and 42 U.S.C. § 1983.

## COUNT 3- STATE LAW CLAIM OF FALSE IMPRISONMENT

34. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

35. Plaintiff was imprisoned by Defendants, and thereby had their liberty to move and unlawfully restrained, despite the Defendant's knowledge that there was no probable cause for doing so.

36. The Actions of the Defendant were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

## COUNT 4- FEDERAL LAW CLAIM OF CRUEL AND UNUSUAL PUNISHMENT

37. In order to satisfy the Eighth Amendment's prohibition against cruel and unusual punishment, conditions of confinement must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment, *Rhodes v. Chapman*, 452 U.S. 337.

## COUNT 5- FALSE ARREST

38. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

39. The Defendant, Travis Younger unlawfully detained and falsely arrested the Plaintiff without legal justification or probable cause. As stated above, at the time of Morgan Grice's arrest, she had not committed any crimes nor had she refused to comply with any of Officer Travis Younger's commands. Morgan Grice did not pose a threat nor did he act in a manner which would cause alarm to the Officer in order for Defendant to arrest Plaintiff.

40. Defendant, Travis Younger knew that Plaintiff had not committed any crimes, and still continued to effectuate the arrest, detention, and prosecution of the Plaintiff for the charge.

41. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference rights of Plaintiff. The officers did not have probable cause nor did they witness Morgan Grice commit any crimes, yet they still arrested and detained Plaintiff, Morgan Grice.

42. The misconduct describe in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights, specifically the Fourth and Fourteenth Amendments to the Unite States Constitution, and hence 42 U.S.C. § 1983.

43. As a result of the unjustified violation of Plaintiff's rights by the Defendant, Plaintiff has suffered injury, including emotional distress.

## Jury Demand

44. Plaintiff hereby respectfully requests a trial by jury

## Damages

45. Following trial, Plaintiff requests that they be awarded all actual, incidental, direct, consequential, economic, special, nominal, general, and emotional damages, costs of court, reasonable and necessary attorney's fees, and pre- and post-judgement interest. The Plaintiff also seeks punitive and exemplary damages against the Defendants.

## Conclusion

46. Plaintiff respectfully requests that the Court grant judgement for her against Travis Younger; Byron Holloway, Chief of Police; Onesimo Lopez, Assistant Chief of Police; Andrew S. Friedberg, Mayor; Paul A. Hoffman, City Manager; The City of Bellaire; and the Bellaire Police Department for their damages, attorneys' fees, costs of court, pre- and post-judgement interest; and grant all other relief to which they may be justly entitled.

## Prayer

47. Wherefore, Plaintiff respectfully prays judgement as follows:

    a. For compensatory damages against all Defendants in the amount approved at trial;
    b. For exemplary and punitive damages against all Defendants;
    c. For costs of suits herein, including Plaintiff's reasonable attorney fees;
    d. Past and future medical expenses;
    e. Past and future physical pain and mental anguish;
    f. Past and future physical impairment;
    g. Past and future disfigurement;
    h. Past lost wages and future lost wage-earning capacity;
    i. Plaintiff seeks damages within the jurisdictional limits of this Court;
    j. For such other and further relief as the Court deems proper.

**Respectfully Submitted,**

_____
**"DANIEL" CHUNG LEE**
State Bar No. 24053793
**C.Y. LEE LEGAL GROUP, PLLC**
1305 Prairie St. Ste 300

Houston, Texas 77002
T: (832)632-4639
F: (281)724-5063
rule21aservice@leelegalgroup.com

**ATTORNEY FOR PLAINTIFF, MORGAN GRICE**

Dated this 26th of June, 2019