UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas

**ENTERED**

February 24, 2022

Nathan Ochsner, Clerk

| | | |
|---|---|---|
| Morgan Grice, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | Civil Action H-19-2295 |
| | § | |
| Travis Younger, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## Opinion on Summary Judgment

1.     *Background.*

On August 17, 2017, Bellaire Police Officer Travis Younger responded to a traffic accident on interstate highway 610 – where Morgan Grice had rear-ended another car. After talking with Grice and having her do field sobriety tests, Younger arrested her for driving while intoxicated. Younger asked Grice if she would give a blood sample, and she orally consented.

Younger took Grice to a nearby ambulance. Before having her blood drawn, Grice withdrew her consent. Younger had her exit the vehicle to arrest her. During the arrest, Grice was pinned against the vehicle and ultimately taken to the ground.

On June 26, 2019, Grice sued Younger for: (a) excessive force under 42 U.S.C. § 1983, and (b) intentional infliction of emotional distress. Younger has moved for summary judgment. He will prevail.

2.     *Intentional Infliction of Emotional Distress.*

Under the Texas Tort Claims Act's election of remedies provision, if a tort claim is brought against a city and its employee, the claim is barred as to the employee.[1]

---

[1] Texas Civ. Prac. & Rem. Code § 101.106.

Grice has sued for "federal law claim and state law claim: intentional infliction of emotional distress as to all defendants." She argues that this provision does not apply because "the actual content of [the] complaints do not tie ... to the City or name the City in any way," and that the paragraphs under the title do not mention the City but discuss "individual action."

This cause of action in the complaint is full of broad, group pleading – always referring to "the defendants." Grice's argument now largely amounts to "well, that's not what I meant." However, it is clear in the express language of the complaint that the claim was brought against all defendants – both Younger and the City.

Because the election of remedies provision applies, Grice's state law intentional infliction of emotional distress claim fails.[2] No federal claim for intentional infliction of emotional distress exists, so it also fails.[3]

3.    *Qualified Immunity.*

To defeat qualified immunity, Grice must show that: (a) the law was clearly established at the time; and (b) all reasonable officers in Younger's position would have known that his conduct was unreasonable.[4]

The parties dispute whether the law was clearly established at the time. To be clearly established, the law must "have a sufficiently clear foundation in then-existing precedent" and be "dictated by controlling authority or a robust consensus of cases of persuasive authority."[5] The court must consider this "in

---

[2] *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 658-59 (Tex. 2008).

[3] *Hinojosa v. Terell*, 834 F.2d 1223, 1229 (5th Cir. 1988).

[4] *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004).

[5] *District of Columbia v. Wesby*, 138 S. Ct. 577, 589-90 (2018).

light of the specific context of the case, not as a broad general proposition."[6] To show a violation of clearly established law, Grice must identify an appropriate case that put Younger on notice that his specific conduct was unlawful.[7]

It is undisputed that Grice was being arrested for driving while under the influence, she did not have a weapon, and she was heavily intoxicated. The other relevant, disputed facts are whether and to what extent Grice resisted arrest and the oral commands given before force was used.

Having viewed the objective evidence – including the body camera footage[8] and Younger's uncontroverted testimony[9] – with ambiguities viewed in Grice's favor, Grice was resisting as the camera footage shows her trying to turn away from Younger. She argues at times that she was flinching from the pain caused by the position her arm was placed. However, the appearance from Younger's perspective is still that of resisting. Grice also insists that she was not trying to flee as – in the situation – it would have been non-sense to try. This is merely rank speculation which is not a genuine dispute. Some people attempt to flee arrest under a variety of circumstances for a variety of reasons. After-the-fact advanced logic is generally not present in these tense situations.

The objective evidence also shows that Younger attempted to respond with measured and ascending responses. He commanded Grice to stop resisting. He had her pinned to the ambulance to restrain her movements. It was only after her continued non-compliance did Younger ultimately use the leg sweep to take Grice to the ground. All of the actions that Younger took were standard practice.

In light of these facts, Grice relies on five Court of Appeals cases to show clearly established law:

---

[6] *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).

[7] *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4, 8 (2021).

[8] *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).

[9] *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 383-85 (5th Cir. 2009).

(a)  *Doss v. Helpenstell*, 626 Fed. Appx. 453 (5th Cir. 2015), is an unpublished and non-precedential and cannot be the source of clearly established law;[10]

(b)  the arrestee in *Ramirez v. Martinez*, 716 F.3d 369 (5th Cir. 2013), was not resisting and had already been restrained when he was tased a second time. The facts here are clearly distinguished;

(c)  In *Newman v. Guedry*, 703 F.3d 757 (5th Cir. 2012), the officer gave no commands before using force, and the arrestee had not committed a crime. This is also distinguished;

(d)  In *Deville v. Marcantel*, 567 F.3d 156 (5th Cir. 2009), the arrestee had committed a minor offense, only passively resisted at worst, and no alcohol was involved. This may be Grice's closest case but it is still distinguishable as she had committed a major crime and had actively resisted; and

(e)  The finding of excessive force in *Goodson v. City of Corpus Christi*, 202 F.3d 730 (5th Cir. 2000), was premised on the officer having no reasonable suspicion to detain the arrestee in the first place. This case is again clearly distinguishable.

Because Grice cannot give a Supreme Court case or a consensus of other cases to show that the law in this context was clearly established, Younger will be protected by qualified immunity.

4.  *Excessive Force.*

Even if Grice could defeat qualified immunity, her excessive force claim would still fail.

To succeed on her excessive force claim under the Fourth Amendment, Grice must show that she "suffer[ed] an injury that result[ed] directly and only

---

[10] *Marks v. Hudson*, 933 F.3d 481, 486 (5th Cir. 2019).

from a clearly excessive and objectively unreasonable use of force."[11] Reasonableness is determined by considering: (a) the crime's severity; (b) whether Grice posed an immediate threat; (c) whether she was actively resisting; (d) the relationship between the need for force and amount used; (e) the type of resistance; and (f) the appropriateness of the force used compared to the resistance.[12]

However, this analysis must account for the fact that officers must make quick judgments in tense situations and not judge with hindsight.[13] Even if the officer's belief is mistaken – but still reasonable – he is justified in using more force than was needed.[14] The law focuses only on the force used not the extent of the injuries that resulted.[15]

Grice says that the forced used was excessive and unreasonable because:

(a)     even though driving under the influence is a serious offense, the altercation occurred well after the offense had been committed, and she was removed from the scene;

(b)     she was not a safety threat because Younger was "physically dominant;"

(c)     her resistance was likely not active;

(d)     Younger could have regained physical control without needing to take her to the ground;

---

[11] *Joseph v. Bartlett*, 981 F.3d 319, 322 (5th Cir. 2020).

[12] *Id.* at 332-33.

[13] *Graham v. Connor*, 490 U.S. 386, 396-97 (1989).

[14] *Saucier v. Katz*, 533 U.S. 194, 205 (2001).

[15] *See Brothers v. Zoss*, 837 F.3d 513, 519-20 (5th Cir. 2016); *Hill v. Carroll Cty.*, 587 F.3d 230, 237 (5th Cir. 2009).

(e)     Grice's resistance was minimal as she was just trying "to turn to talk to him," and she had better opportunities to flee before but did not then; and

(f)     Younger's escalating actions were not measured but too quick as he was "likely in control" of her before taking her down.

The court has already addressed the resistance and measured action arguments in the qualified immunity discussion and will not repeat itself here.

Regarding the seriousness of the crime factor, Grice's argument misses the mark. It is largely irrelevant that she had been removed from the scene. The law focuses on the seriousness of the crime because the more serious the crime committed, the larger the danger that person may pose to the public. Police officers do not want people who have shown themselves to be risks to the public evading arrest, so more force is reasonable to protect the public. Grice was arrested for driving while intoxicated with a blood alcohol content more than three times the legal limit. She had clearly shown a disregard for the public's safety -- including her own -- and Younger was reasonable in using additional force to restrain her.

Grice's argument that Younger could have regained physical control without needing to take her to the ground is precisely the sort of hindsight pontificating the law prohibits. The court will not second guess an officer's quickly needed decision-making.

Grice's last argument about the physical differences between her and Younger requires this court to adopt stereotypes about people based on their gender and physical appearance. Grice implies, that as a relatively petite woman, she is unable to escape from a male officer, and Younger must use less force to restrain her. This is 2022 not 1922. Women are strong and determined and are more than capable of defending themselves and subduing larger people. In a functioning society, law enforcement should treat all people the same. The court will not credit an argument that requires the same hindsight assumptions.

Because Grice cannot show that Younger's use of force was excessive and unreasonable, her excessive force claim fails.

5.   *Conclusion.*

Morgan Grice will take nothing from Travis Younger.

Signed on February **24**, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge